UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXA KINSLEY LADUKE, <br><br> Plaintiff, <br><br> -against- <br><br> NEW YORK STATE OFFICE OF MENTAL HEALTH, et al., <br><br> Defendants. | 23-CV-11098 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Fairport, Monroe County, New York and proceeds *pro se*, asserts claims arising from her employment at the Rochester Psychiatric Center in Monroe County. She invokes Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 to 12213; the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796; the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 to 2654; and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297. For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

## DISCUSSION

Title VII includes a venue provision, which provides that claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

The ADA and the Rehabilitation Act incorporate Title VII's venue provision. *See* 42 U.S.C. § 12117(a) (incorporating by reference Title VII's venue provision for ADA claims ); 29 U.S.C. § 794a(a)(1) (same as to Rehabilitation Act). Thus, a plaintiff's claims under Title VII, the ADA, and the Rehabilitation Act can be brought in any district court in the State where the unlawful employment action allegedly occurred.

The ADEA and the FMLA, by contrast, do not include specific venue provisions, and the general venue provision in 28 U.S.C. § 1391 therefore govern such claims. Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, 28 U.S.C. § 1391(c)(1), and a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

Plaintiff, who resides in Monroe County, brings claims arising from her employment at the Rochester Psychiatric Center in Monroe County, New York. She sues the Rochester Psychiatric Center, the New York State Office of Mental Health in Albany, New York, and individuals employed at the Rochester Psychiatric Center. Plaintiff does not identify the domicile of any of the individual defendants, but she provides addresses for service on them in Monroe County. Venue of Plaintiff's ADEA and FMLA claims thus does not appear to be proper in this district under Section 1391(b)(1) because there is no indication that any defendant resides in this

district. Plaintiff's claims all arose in Monroe County, which is in the Western District of New York, 28 U.S.C. § 112(d); therefore, venue of Plaintiff's ADEA and FMLA claims is proper in the Western District of New York, under Section 1391(b)(2), where the claims arose. Venue of Plaintiff's Title VII, ADA, and Rehabilitation Act claims also lies in the Western District of New York, and it therefore appears that venue for all of Plaintiff's claims is proper in that district.

Although the Southern District of New York (and any other federal district court in the State of New York) is a proper venue for Plaintiff's claims under Title VII, the ADA, and Rehabilitation Act, this district does not appear to be a proper venue for her ADEA and FMLA claims, which arose outside this district.

Under 28 U.S.C. § 1404(a), even if venue is proper in the district where the case was filed, the court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case. The underlying events occurred in Monroe County, where Plaintiff was employed. Plaintiff's choice of forum is accorded less deference because she resides outside this district, and the operative events did not occur here. Accordingly, the Court transfers this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1404. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. No summons shall issue from this court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 5, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge